| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT CORTEZ, | | Case No.: 1:23-cv-01755-CDB |
| | Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S (1) FAILURE TO STATE A CLAIM, (2) FAILURE TO EXHAUST REMEDIES, AND (3) FAILURE TO OBEY COURT ORDERS TO PROSECUTE** |
| v. | | |
| K.V.S.P. WARDEN, et al., | | |
| | Defendants. | **14-DAY DEADLINE** |
| | | Clerk of the Court to Assign District Judge |

Plaintiff Albert B. Cortez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.  INTRODUCTION**

On April 26, 2024, the Court issued its First Screening Order. (Doc. 9). The Court found that Plaintiff's complaint failed to state an Eighth Amendment failure to protect claim against any defendant. In addition, Plaintiff's complaint failed to identify how each defendant individually violated the Eighth Amendment, as the complaint directed no allegations towards either the R&R sergeant or the warden of Kern Valley State Prison. *Id*. at 9. Furthermore, Plaintiff failed to exhaust administrative remedies or otherwise sufficiently plead that those remedies were unavailable. *Id*. As a result, Plaintiff was ordered to do one of the following within 21 days of the date of service of the order: (1) File a first amended complaint curing the deficiencies

identified by the Court in its screening order; *or* (2) file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).  Despite the passage of more than 21 days, Plaintiff has failed to respond to the Court's First Screening Order in any way.

## II. DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file either a first amended complaint or a notice of voluntary dismissal.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the

1  occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522,
2  524 (9th Cir. 1976).  Here, the Court's First Screening Order directed Plaintiff to file a first
3  amended complaint describing whether and how the named defendants (the KVSP warden, R&R
4  sergeant, and C-Yard sergeant) knew Plaintiff faced a substantial risk of serious harm, and
5  whether they were deliberately indifferent to the risk.  (Doc. 9 p. 8).  In addition, the Court
6  directed that any first amended complaint sufficiently allege either that Plaintiff had exhausted
7  administrative remedies available or that such remedies were unavailable. *Id*.  The First
8  Screening Order informed Plaintiff that, in the alternative to filing a first amended complaint, he
9  file a notice of voluntary dismissal within 21 days.

10  Plaintiff has taken no action whatsoever in response to the First Screening Order.  Because
11  Plaintiff has failed to comply with the First Screening Order, his inaction amounts to an
12  unreasonable delay in prosecuting this case resulting in a presumption of injury.  Therefore, the
13  third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856
14  F.2d at 1440.

15  The fourth factor usually weighs against dismissal because public policy favors
16  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,
17  "this factor lends little support to a party whose responsibility it is to move a case toward
18  disposition on the merits but whose conduct impedes progress in that direction." *In re*
19  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
20  (citation omitted).  By failing to file either a first amended complaint or a notice of voluntary
21  dismissal, Plaintiff is not moving this case forward and is impeding its progress.  Thus, the fourth
22  factor—the public policy favoring disposition of cases on their merits—weighs in favor of
23  dismissal. *Carey*, 856 F.2d at 1440.

24  Finally, the Court's warning to a party that failure to obey the court's order will result in
25  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
26  The Court's April 26, 2024, screening order expressly warned Plaintiff as follows: "**If Plaintiff**
27  **fails to comply with this order, the Court will recommend that this action be dismissed,**
28  **without prejudice, for a failure to obey a court order and for failure to prosecute.**"  (Doc. 9

p. 10, emphasis in original).  Finally, Plaintiff was also previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued December 22, 2023, to wit: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case.  Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 4 p. 1).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

### III.   CONCLUSION AND RECOMMENDATIONS

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice because the complaint fails to state cognizable claim, because Plaintiff failed to exhaust his administrative remedies, and for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 29, 2024**

UNITED STATES MAGISTRATE JUDGE

4